IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Francine Goodman, ) | |
| ) | Civil Action No. 8:06-2605-RBH-BHH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Family Dollar Stores, Inc., and Doris ) | |
| Koester, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In her Complaint, the plaintiff alleges that the defendant Family Dollar Stores, Inc. ("Family Dollar") and Doris Koester discriminated against her on account of her race, when they terminated her employment. The defendants have moved to dismiss the plaintiff's claims.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The plaintiff claims that her employment with the defendant was terminated on December 13, 2005. In her Complaint, she states that her district manager gave the following reasons for her termination: (1) holding merchandise in stock room for herself; (2) giving damaged merchandise to other Family Dollar employees; and (3) going into the computer and changing work hours of another employee.

The plaintiff states that all three reasons for the termination of her employment are false. She further alleges that the defendants had different expectations for white and black employees and that other black managers had been replaced with white ones, prior to the termination of the plaintiff's employment.

The plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). She also has levied various accusations against the EEOC for its handling of that charge.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

2

view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

### I.     Defendant Family Dollar

The defendants contend that the plaintiff's Title VII claim should be dismissed, as to Family Dollar, for the plaintiff's failure to specifically allege in her Complaint that she was terminated on account of her race and not for the legitimate, nondiscriminatory reasons advanced by the defendants. Liberally construing the plaintiff's *pro se* Complaint, however, it is clear that the plaintiff's pleading is sufficient. She expressly rejects the nondiscriminatory reasons as false (Compl. at 5) and further states that "[p]rior to my termination the district manager had terminated several black managers and replaced them with white managers," *id*. *See* 42 U.S.C. § 2000e-2(a) (Title VII); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (elements of Title VII proof scheme). The plaintiff also alleges that "the store and managers had dual standards for black and white managers and employers." (Compl. at 5.) These averments are sufficient to put the defendants on notice of the plaintiff's belief that her employment was terminated on account of race and of her putative Title VII claim against them. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, (2002) ("Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."); *Teachers' Retirement System Of LA v. Hunter*, 477 F.3d 162, 170-71 (4th Cir. 2007).

### II.    Defendant Doris Koester

The defendants next contend that Doris Koester should be dismissed from this case as she is not an employer as defined by Title VII and, therefore, has no individual liability under the same. The Court agrees.

Title VII provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). It defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." *Id*. § 2000e(b).

The Fourth Circuit has expressly concluded that supervisors are not liable in their individual capacities for Title VII violations. *See Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998); *see also Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999). The cases relied upon by the plaintiff do not hold otherwise. Moreover, the plaintiff does not purport, in her response or Complaint, to allege any other type of claim against Koester other than one pursuant to Title VII.

Because the only claim pled against Koester is without any basis in law, Koester should be dismissed as a defendant in this case.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss should be GRANTED in part and DENIED in part. Specifically, it is RECOMMENDED that the motion is GRANTED as to defendant Doris Koester, who should be dismissed, and DENIED as to defendant Family Dollar Stores, Inc.

              s/Bruce H. Hendricks
              United States Magistrate Judge

March 29, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).