UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Francine Goodman, | ) | Civil Action No.: 8:06-02605-RBH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Family Dollar Stores, Inc, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought by the plaintiff Francine Goodman, *pro se*, pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.* alleging that she was discharged from her position as store manager by the defendant on the basis of her race.

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

In conducting its review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted.

**Report and Recommendation**

In her Report and Recommendation filed on May 7, 2008, the Magistrate Judge recommends that the defendant's motion for summary judgment be granted.[1]  The plaintiff filed objections to the Report on May 16, 2008. Defendant filed a Response to the Objections on May 27, 2008.  Plaintiff filed a Reply to the Response on June 13, 2008.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991).  The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.*  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.*, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment should only be granted in those cases where there is no issue of fact

---

[1] The Magistrate Judge recommended a finding that the plaintiff has not established elements (3) and (4) of her prima facie case. Plaintiff has not specifically objected to this part of the Magistrate's findings in her objections. She addresses her objection to the findings regarding pretext, but not to the *prima facie* case. Regardless, the Court will address Plaintiff's arguments in Document #159, which the Court construes as her objections.

involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Based on the briefs and information submitted, I find that there are no genuine issues of material fact precluding summary judgment.

## **Plaintiff's Objections**

In her objections, Plaintiff generally contends that she has witnesses to corroborate her testimony, some of the documents relied upon by the defendants were not signed, Defendant produced documents that the plaintiff had not seen before the motion for summary judgment, and the defendant relied in its motion on excerpts from the plaintiff's deposition, which she had not reviewed.[2]

Without specific objection to the Magistrate Judge's reasoning, it is not necessary for the Court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphsis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). However, the Court will address what appear to be the plaintiff's objections since she

---

[2] Plaintiff stated in her Reply that she met with the court reporter to review the deposition but that the court reporter "had an imposed time restraint for Plaintiff to review the transcript" and that she did not complete her review. A letter from the court reporter [docket entry # 161-5] states that the court reporter allotted three hours to the plaintiff to review the deposition but that the plaintiff arrived 50 minutes late.

is proceeding *pro se.*

Plaintiff states that she has witnesses to corroborate her testimony. However, she has failed to provide any affidavits or sworn testimony from these witnesses. Obviously, it is incumbent on her to produce such evidence when a motion for summary judgment is before the court.

Plaintiff also contends that certain unsigned documents should not be considered by the court. Based upon the plaintiff's response to the motion for summary judgment, the plaintiff is apparently referring to transcripts of call reports and Defendant's Exhibit 11, a complaint filed with the defendant regarding the plaintiff by Glendora Jones, the Assistant Manager. In her opposition to the summary judgment motion, Plaintiff argues that the origin of these documents is questionable.

The defendant has attached these documents to an affidavit from the district manager, Doris Koester, which provides a sufficient foundation for their authenticity. *See* Fed. R. Evid. 901(a) ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.") Documents submitted in support of a motion for summary judgment may be properly authenticated by being attached to an affidavit pursuant to Fed. R. Civ. P. 56(e). *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993), citing 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2722 at 58-60 (1983 & 1993 Supp.). ["To be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)."] The documents may therefore properly be considered by the Court on the motion for summary judgment

Plaintiff's assertions regarding documents that she had not seen prior to summary judgment also lack merit, as she was given an opportunity to respond to them. The fact that they were not made a part of her personnel file does not mean that they are not business records of the company that may be considered by the Court.

4

Finally, plaintiff has contended that her admission in her deposition that she was not discharged because of her race should not be considered since she never completed her review of her deposition and since she alleges that the court reporter incorrectly transcribed her testimony. However, even without considering the plaintiff's controverted deposition testimony, the plaintiff has failed to show any racial animus on the part of the defendant or evidence of pretext. It is uncontroverted that company policy forbids employees from holding merchandise in the back of the store for later purchase and plaintiff has not denied that she did so. Plaintiff also admitted that she was "corrected" regarding the petty cash[3] and warned that additional policy violations would result in termination.

The Court agrees with the Magistrate Judge that Plaintiff has not shown evidence of discriminatory motive and that a reasonable fact finder could not infer that the employer's actions were motivated by racial animus. *See Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 960 (4th Cir. 1996).

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation of the Magistrate Judge except to the extent that it relied on the controverted deposition testimony of the plaintiff, and **GRANTS** the defendant's [116] motion for summary judgment.

---

[3] Plaintiff states in her response to the motion for summary judgment the she was "counseled about giving away damaged merchandise to employees, changing time (work hours) on Nell Anderson, **and the missing funds**." (Docket Entry #134-2, page 4.) (Emphasis added).

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

September 2, 2008
Florence, South Carolina